BEST et al. v. BRITISH & AMERICAN MORTG. CO.

(Circuit Court, E. D. North Carolina. April 1, 1897.)

1. USURY—COMMISSIONS.
   When one negotiates a loan through a third party with a money lender, and the latter bona fide lends the money at a legal rate of interest, the contract is not made usurious merely because the intermediary charges the borrower with a heavy commission; the intermediary having no legal or established connection with the lender, as agent. Whaley v. Mortgage Co., 20 C. C. A. 306, 74 Fed. 77, followed.

2. SAME—STIPULATION FOR.
   A loan secured by a deed of trust is not rendered usurious by a provision in the deed that in case of sale under the deed the proceeds shall be applied to the payment of expenses of sale, including commissions and a counsel fee. Such a provision is in the nature of a penalty, and the court can determine, when it has taken the matter within its jurisdiction, to what extent the penalty can be enforced.

Shepherd & Busbee and W. R. Allen, for complainants.
R. O. Burton, for defendant.

SIMONTON, Circuit Judge. This case began in the superior court of Greene county, N. C., and has been removed into this court. The complaint is by B. J. and R. E. Best, brought in the first instance to restrain a sale under a trust deed executed to secure the British & American Mortgage Company for a loan made by it to the Bests. The charge is that the loan secured by the mortgage is usurious. The further purpose of the complaint is to redeem the mortgage debt so soon as this question of usurious interest is settled. The facts of the case are these: On 20th January, 1890, the complainants employed, by an instrument in writing, Messrs. Theo. Edwards and W. T. Dortch, who

reside in North Carolina, to obtain for them a loan of $10,000, to be secured by a mortgage of real estate. The authority to these gentlemen is general. They are to negotiate the loan through any brokers, at a commission not exceeding 6 per cent., which is not to be considered as a part of the loan. The amount desired was $10,000. Messrs. Dortch and Edwards employed as brokers for the purpose Messrs. Shattuck & Hoffman, of New Orleans. These brokers negotiated the loan with the British & American Mortgage Company, a foreign corporation, having an office in that city. The testimony shows that Shattuck & Hoffman do a general brokerage business, a part of which is the placing of loans on commission. The business of the mortgage company is the lending of money. The brokers were able to negotiate with the mortgage company for a loan of $7,500 only, and not for $10,000. With this the complainants were content. They then executed a deed of trust in the nature of a mortgage by way of indenture tripartite between themselves; Albert R. Shattuck, of New Orleans, trustee, and the British & American Mortgage Company as cestui que trust. This deed secures this loan of $7,500 upon the tract of land described in the pleadings; the loan being evidenced by five notes, four of them being for $750 each, dated 24th May, 1890, and due respectively on 1st days of November, 1890, 1891, 1892, 1893, and one note for $4,500, dated the same day and due 1st November, 1894. With these also were five notes for interest,—one for $233.35, due November 1, 1890; one for $472.50, due November 1, 1891; one for $420, due November 1, 1892; one for $367.50, due November 1, 1893; and one for $315, due November 1, 1894. These notes are calculated at the rate of 7 per cent. interest. The deed of trust provides that, in case the power of sale therein provided for be exercised, the proceeds of sale shall be applied—First, to the payment of the costs and expenses of executing the trust, including the commissions of the trustee, and 10 per cent. for the creditor's attorney fees in the event of litigation; next, to the payment of the unpaid part of the loan in full, the remainder to the grantor. The mortgage company paid to Shattuck & Hoffman, the brokers, $7,500, who deducted their 6 per cent. commissions and remitted the remainder, $7,050, to the Bests.

Is this a usurious contract? The crucial test in cases of this kind is, was the broker who negotiated the loan the agent of the lender? If in negotiating the loan he exacts a commission, either under direct instruction from his principal, or because of an understanding with the principal that he must look to the borrower for compensation, the transaction is tainted with usury. The circuit court of appeals of this circuit has established the law for us, in Whaley v. Mortgage Co., 20 C. C. A. 310, 74 Fed. 77:

"There are three established principles of law on this subject, which are as follows: (1) There can be no doubt that when one negotiates a loan, through a third party, with a money lender, and the latter bona fide lends the money at a legal rate of interest, the contract is not made usurious merely by the fact that the intermediary charges the borrower with a heavy commission; the intermediary having no legal or established connection with the lender, as agent. Fowler v. Trust Co., 141 U. S. 385, 12 Sup. Ct. 1; Grant v. Insurance Co., 121 U. S. 105, 7 Sup. Ct. 841; Call v. Palmer, 116 U. S. 98, 6 Sup.

Ct. 301. (2) So, also, when an agent authorized to lend money for his principal exacts, without the knowledge or authority of such principal, money from the borrower for his own benefit, this does not make the contract usurious. Call v. Palmer, 116 U. S. 98, 6 Sup. Ct. 301. (3) But when a lender authorizes his agent to make loans for him under a general arrangement that he must look to the borrower for his compensation, and such agent for the lender effects a loan, and charges the borrower a commission, this will make the contract usurious, whether the lender knew of the charge or not (Fowler v. Trust Co., 141 U. S. 385, 12 Sup. Ct. 1), for this exaction is by the authority of the lender, the principal."

There are several suspicious circumstances in this case, which have been acutely discussed and clearly presented by the attorney for the complainants. But suspicious circumstances can only come in as aid to testimony. When they are met and contradicted by the evidence of witnesses whose characters are not attacked, they should not be allowed to overbear facts sworn to. As was said in Mortgage Co. v. Whaley, 63 Fed. 747, the testimony of witnesses, although their character has not been attacked, can be compared with testimony of other witnesses, and indeed with the admitted facts in the case, and may be overborne by them. When, however, it is proposed to contradict the direct testimony of unimpeached witnesses by inferences from facts, this result cannot be reached unless the existence of these facts and the natural inferences from them cannot be reconciled with the conclusion that the direct evidence is true. The two actors in this loan—Hoffman, the broker who negotiated it, and Rowland, the cashier of defendant, who made it—both swear distinctly and positively that the relation of principal and agent did not, in any sense, exist between Shattuck & Hoffman and the mortgage company. The former swears that he placed offers to loan with any lenders he could agree with,—many others besides this defendant, although he frequently did business with the defendant. Both swear that in this transaction he acted solely for the complainants, with no understanding or agreement with the mortgage company for anything else but the loan. It is true that the trust deed is in print, and that in it is printed the name of Shattuck as trustee, and of the mortgage company. This is a strong ground of suspicion, and would be conclusive were it not for the sworn facts that Shattuck & Hoffman did similar business with other well-known and large firms, did a very large business themselves, and frequent business with this mortgage company. It is true that this transaction is mentioned in the correspondence between the broker and the Bests as #3,180. But there is nothing to show that this was not the private number of the brokers. Naturally they treated this as a transaction of their own, and for convenience gave it a number, especially as by the known custom of this business they superintended the collection of installments of interest. The transaction between English and the Bests was his own, and no connection whatever with it is shown on the part of the defendant. What was said of Jamisson is not important. He was shown the offer of the agents of the Bests to the brokers, and thought well of it, and he was a director in the company. The offer was shown to, and was approved by, the company. The evidence does not establish the charge of usury, from the fact that the brokers took a commission of 6 per cent.

Is the clause in the deed that, "in case of sale under the deed of trust, the proceeds shall be applied to the payment of expenses of sale, including commissions and a counsel fee" usurious?

This clause does not come into operation until there is a breach of the contract. The presumption is always that parties will observe and keep their contracts. At all events, this result is not certain. It is contingent. The contract otherwise being bona fide and not usurious, this uncertain provision should not change its character. Canal Co. v. Vallette, 21 How. 422. In Spain v. Hamilton's Adm'r, 1 Wall. 626, the court say, "The payment of anything additional depends also on a contingency, and not upon any happening of a certain event, which itself would be deemed insufficient to make a loan usurious." This question was made in an exception to the circuit decree in Whaley v. Mortgage Co., 20 C. C. A. 306, 74 Fed. 77. And in the concluding part of the decision of the court was sustained in general words. A provision like this is in the nature of a penalty, and is enforced as such. As the court has taken this matter within its jurisdiction, it can determine to what extent the penalty can be enforced. The attorney's charges will be allowed, but no further commissions to the trustee. All actual expenses which he may have incurred are allowed him.

The conclusion of the whole matter is that this contract is not usurious. Let the clerk of this court, with the attendance and aid of the counsel for the parties in the cause, compute the amount now due, according to the tenor and effect of the contracts, and add thereto the 10 per cent. for attorney's fees, and such sums as for actual expenses which the trustee may have incurred in executing his trust, and then let a decree be prepared carrying out the principles of this opinion. Each party to the case to pay their or its own taxed costs in this court.